NICHOLAS M. WAJDA (State Bar #259178)
Attorney Email Address: nick@wajdalawgroup.com
WAJDA LAW GROUP, APC
11400 West Olympic Boulevard, Suite 200M
Los Angeles, California 90064
Telephone: (310) 997-0471
Facsimile: (866) 286-8433
*Attorney for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANDREW D. FOX and RILEY N. COTTA,<br><br>Plaintiffs,<br><br>v.<br><br>COLLECTO, INC. d/b/a EOS CCA,<br><br>Defendant. | Case No. 2:19-cv-02084<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 ET SEQ.**<br><br>**2. VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §1788 ET SEQ.**<br><br>**DEMAND FOR JURY TRIAL** |

### **COMPLAINT**

NOW comes ANDREW D. FOX ("Andrew") and RILEY N. NICOLE ("Riley") (collectively "Plaintiffs"), by and through their attorneys, WAJDA LAW GROUP, APC ("Wajda"), complaining as to the conduct of COLLECTO, INC. d/b/a EOS CCA ("Defendant"), as follows:

**NATURE OF THE ACTION**

1. Plaintiffs bring this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA") pursuant to Cal. Civ. Code §1788 *et seq.*, for Defendant's unlawful conduct.

**JURISDICTION AND VENUE**

1

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367 because it arises out of the common nucleus of operative facts of Plaintiffs' federal questions claims.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Central District of California and a substantial portion the events or omissions giving rise to the claims occurred within the Central District of California.

## PARTIES

4. Andrew and Riley are 21 and 18 year-old consumers, respectively, residing in San Luis Obispo County, California, which is located within the Central District of California.

5. Plaintiffs are "person[s]," as defined by 47 U.S.C. §153(39).

6. Defendant is "one of America's largest customer care and receivables management companies,"[1] located at 700 Longwater Drive, Norwell, Massachusetts. Defendant is in the business of collecting consumer debt for others throughout the country, including in California.

7. Defendant is a "person" as defined by 47 U.S.C. §153(39).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

9. The instant action arises out of Defendant's attempts to collect upon a past due Verizon wireless debt ("subject debt") purportedly owed by Andrew.

---

[1] http://www.eos-usa.com/

10. For a period of time, Riley was making payments to Verizon in connection with Andrew's account, however, Riley purportedly fell behind on payments, resulting in the creation of the subject debt.

11. Around the beginning of 2019, Defendant began contacting Plaintiffs in an attempt to collect upon the subject debt.

12. On or about February 1, 2019, Riley spoke with Defendant, and agreed to make payment for $50.00 in connection with the subject debt, providing her checking account information in the process.

13. Defendant consequently withdrew $50.00 from Riley's bank account on or about February 1, 2019.

14. On or about March 1, 2019, Defendant withdrew an additional $937.60 from Riley's bank account.

15. However, Riley never authorized Defendant's withdrawal that occurred on March 1, 2019.

16. Upon noticing the unauthorized withdrawal from Riley's account, Andrew contacted Defendant attempting to address the issue.

17. Defendant's representative initially told Andrew to contact them the next day.

18. Andrew followed up with Defendant as instructed, at which point Defendant advised him that the $937.60 charge was authorized.

19. Andrew asked to hear the recording wherein such purported authorization was provided, however, Defendant refused to let Andrew listen.

20. Defendant's representative claimed that its supervisors had listened to the recordings, and that the charge was authorized.

21. Fearing that Defendant's unauthorized withdrawal of funds from Riley's checking account would continue, Riley went to her financial institution in order to get a new debit card number.

3

22. Frustrated by Defendant's conduct, Plaintiffs spoke with Wajda regarding their rights, resulting in expenses.

23. Plaintiffs have suffered actual damages as a result of Defendant's conduct, including the amount withdrawn from Riley's bank account and costs and time incurred with addressing Defendant's conduct.

24. Plaintiffs have been unfairly and unnecessarily harassed by Defendant's actions.

25. Plaintiffs have suffered concrete harm as a result of Defendant's actions, including but not limited to invasion of privacy, emotional distress, pecuniary loss, lost time, and costs incurred with changing debit card information.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

26. Plaintiffs repeat and reallege paragraphs 1 through 25 as though fully set forth herein.

27. Plaintiffs are a "consumer[s]" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

28. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

29. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

30. The subject consumer debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

    **a. Violations of FDCPA §1692d**

31. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

4

32. Defendant violated §1692d when it harassingly and abusively withdrew $937.60 from Riley's bank account without authorization. Withdrawing funds from a consumer's bank account absent authorization is inherently conduct with the natural consequence harassing, oppressing, and abusing such consumer.

### b. Violations of FDCPA § 1692e

33. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

34. In addition, this section enumerates specific violations, such as:

> "The representation or implication that nonpayment of any debt will result in . . . the seizure . . . of any property . . . of any person unless such action is lawful . . . ." 15 U.S.C. § 1692e(4).

> "The threat to take any action that cannot legally be taken . . . ." 15 U.S.C. § 1692e(5)

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

35. Defendant violated §§1692e, e(4), e(5), and e(10) when it withdrew $937.60 from Riley's bank account without authorization. Defendant's conduct implied that Plaintiffs' nonpayment of the subject debt would, and actually did, result in the seizure of Riley's property, although such conduct was not lawful. It was false, deceptive, and misleading for Defendant to make this withdrawal as it was entirely without authorization.

36. Defendant further violated §§ 1692e and e(10) when it falsely represented to Andrew that Riley had authorized the withdrawal of $937.60 from her bank account. Because Riley made no such authorization, Defendant's representation to the contrary was inherently false, deceptive, and misleading.

### c. Violations of FDCPA § 1692f

37. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt." § 1692f(1) further prohibits, "[t]he collection of any amount . . . unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

38. Defendant violated §§1692f and f(1) when it unfairly and unconscionably withdrew $937.60 from Riley's bank account without authorization. Any agreement between Andrew and Verizon regarding the subject debt does not allow the unauthorized withdrawal of funds from a party's bank account. Such conduct was also not lawful. Therefore, Defendant's conduct violates the above referenced portions of the FDCPA.

39. As pled in paragraphs 21 through 25, Plaintiffs have been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiffs, ANDREW D. FOX and RILEY N. COTTA, respectfully requests that this Honorable Court enter judgment in their favor as follows:

   a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

   b. Awarding Plaintiffs statutory damages of $1,000.00 each as provided under 15 U.S.C. §1692k(a)(2)(A);

   c. Awarding Plaintiffs actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

   d. Awarding Plaintiffs costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

   e. Awarding any other relief as this Honorable Court deems just and appropriate.

**COUNT II – VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

40. Plaintiffs restate and reallege paragraphs 1 through 39 as though fully set forth herein.

41. Plaintiffs are "person[s]" as defined by Cal. Civ. Code § 1788.2(g).

42. The subject debt is a "debt" and "consumer debt" as defined by Cal. Civ. Code § 1788.2(d) and (f).

43. Defendant is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

### a. Violations of RFDCPA § 1788.10

44. The RFDCPA, pursuant to Cal. Civ. Code § 1788.10(e), prohibits a debt collector making a threat "to any person that nonpayment of the consumer debt may result in . . . the seizure . . . of any property . . . unless such action is in fact contemplates by the debt collector and permitted by the law." Cal Civ. Code § 1788.10(f) further prohibits a debt collector from threatening "to take any action against the debtor which is prohibited by this title."

45. Defendant violated §§ 1788.10(e) and (f) when in unlawfully withdrew funds from Riley's bank account absent authorization. Defendant's conduct implied that Plaintiffs' nonpayment of the subject debt would, and actually did, result in the seizure of Riley's property, although such conduct was not lawful.

### b. Violations of RFDCPA § 1788.17

46. The RFDCPA, pursuant to Cal. Civ. Code § 1788.17 states that "Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Section 1692b to 1692j, inclusive of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code."

47. As outlined above, through their conduct in attempting to collect upon the subject debt, Defendant violated 1788.17; and 15 U.S.C. §§1692d, e, and f of the FDCPA. Defendant engaged in harassing, deceptive, and unfair conduct in violation of the FDCPA. Such conduct similarly subjects Defendant to liability under the RFDCPA.

WHEREFORE, Plaintiffs, ANDREW D. FOX and NICOLE R. COTTA, respectfully requests that this Honorable Court enter judgment in their favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Award Plaintiffs actual damages, pursuant to Cal. Civ. Code § 1788.30(a);

c. Award Plaintiffs statutory damages up to $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b);

d. Award Plaintiffs costs and reasonable attorney fees as provided pursuant to Cal. Civ. Code § 1788.30(c); and

e. Award any other relief as the Honorable Court deems just and proper.

Dated: March 20, 2019                    Respectfully submitted,

By: /s/ Nicholas M. Wajda
Nicholas M. Wajda
WAJDA LAW GROUP, APC
11400 West Olympic Boulevard, Suite 200M
Los Angeles, California 90064
Telephone: (310) 997-0471
Facsimile: (866) 286-8433
Email: nick@wajdalawgroup.com